The document below is hereby signed.

Signed: June 12, 2009.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| NATIONAL ASSOCIATION OF | ) | Case No. 09-00167 |
| GOVERNMENT EMPLOYEES LOCAL | ) | (Chapter 7) |
| R3-77, | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |
| Debtor. | ) | |

MEMORANDUM DECISION RE DENIAL OF PETITION

Richard Petta, Dwyane Jeffers, Gilbert Martinez, Vicente Matias Murrell, and Craig Yamaoka (the "Petitioning Creditors") have filed an involuntary petition against the alleged debtor, National Association of Government Employees Local R3-77. The Petitioning Creditors having described the putative debtor as a non-profit entity, and having indicated that the debtor had dissolved, the court issued an order directing the Petitioning Creditors to demonstrate that the alleged debtor is, in fact, eligible to be an involuntary debtor (Docket Entry ("DE") No. 5, entered May 21, 2009).

The Petitioning Creditors have filed a response (DE No. 7, filed June 5, 2009), urging that the petition be allowed because (a) the debtor's status as a non-profit entity does not preclude

bankruptcy, and (b) the alleged debtor has not dissolved.[1]  The court will deny the petition for the following reasons.

In their response, the Petitioning Creditors explain, at length, why a labor union should be treated as an artificial person in the same manner as a corporation such that the putative debtor should be deemed eligible to be a debtor under the Bankruptcy Code (11 U.S.C.).  The issue, however, is not whether the debtor is a corporation and thus a person eligible under 11 U.S.C. § 109 to be a debtor under chapter 7 of the Bankruptcy Code.  It is plain that the putative debtor is eligible to be a voluntary debtor in a chapter 7 case.  Instead, the issue is whether the putative debtor is "not a moneyed, business, or commercial corporation" and thus, pursuant to 11 U.S.C. § 303(a), not an entity against whom an involuntary petition may be brought.  The Petitioning Creditors contend that this "cannot be a controlling factor in determining what estates are eligible to enter involuntary bankruptcy proceedings," citing <u>Highway & City Freight Drivers, Local Union No. 600 v. Gordon Transports, Inc.</u>, 576 F.2d 1285, 1291 (8th Cir. 1978).  The <u>Freight Drivers</u> case, however, involved a voluntary petition by a labor union, not an involuntary petition, and its point was that not being a moneyed, business, or commercial corporation cannot be determinative of

---

[1]  The court will accept as true the Petitioning Creditors' allegation that the alleged debtor has not dissolved.  The court, however, will deny the petition on other grounds.

whether an entity may be a debtor in a voluntary case, although the court noted (citing to Collier's) that it does bar an involuntary case against such an entity.  The Petitioning Creditors have failed to demonstrate that the alleged debtor is a moneyed, business, or commercial corporation, and thus, pursuant to 11 U.S.C. § 303(a), the petition must be denied.

An order follows.

[Signed and dated above.]

Copies to: Debtor; Office of United States Trustee; Richard Petta; Dwyane Jeffers; Gilbert Martinez; Vicente Matias Murrell; Craig Yamaoka.